E. GRADY JOLLY, Circuit Judge,
dissenting:
Like Judge Owen, I believe that Judge Smith’s opinion mistakenly relies upon City of New Orleans v. Municipal Administrative Services., Inc., 376 F.3d 501 (5th Cir.2004), a case which considered removal pursuant to 28 U.S.C. § 1441. The Underwriters removed this action pursuant to 9 U.S.C. § 205, and the removal right afforded therein cannot be waived by anything less than an express statement of waiver. McDermott Int’l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199, 1209 (5th Cir.1991). I disagree, however, with Judge Owen’s conclusion that the exclusive jurisdiction clause at issue here constitutes an express waiver of removal rights. Purporting to apply this Court’s express waiver standard, she suggests that language may be implicitly express. I re *451 spectfully dissent from the failure of both Judges Smith and Owen to apply our precedent in McDermott.

I.

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards provides a removal right (9 U.S.C. § 205) that is substantially broader than the one found in the general removal statute (28 U.S.C. § 1441). See Acosta v. Master Maintenance and Const. Inc., 452 F.3d 373, 376-77 (5th Cir.2006); Beiser v. Weyler, 284 F.3d 665, 674 (5th Cir.2002). This low bar set by § 205 is consistent with the policy goals of the Convention. See Scherk v. Alberto-Culver Co., 417 U.S. 506, 520 n. 15, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (noting the importance of unified standards and consistent enforcement of arbitration agreements); McDermott, 944 F.2d at 1209-11 (noting the importance of reciprocity).
In accord with these policy concerns and § 205’s extensive grant of removal rights, a waiver of these removal rights will only be enforced if it is express and explicit. See McDermott, 944 F.2d at 1209-13. Judge Smith attempts to maneuver around McDermott, but its clearly and repeatedly stated holding is inescapable: “There are four reasons why we will give effect only to explicit waivers of Convention Act removal rights”; “we adopt the express waiver rule here to afford maximum protection to all those who rely on the Convention”; “[o]ur express waiver rule minimizes this danger by providing a bright-line standard for determining when parties surrender the full panoply of Convention Act rights”; “[fjuture forum choice disputes in Convention cases will not languish in this court under our bright-line express waiver rule.” McDermott, 944 F.2d at 1209, 1211, 1213 (emphases added). Looking to City of New Orleans, he ignores the important differences between § 1441 and § 205.
A majority of our panel today correctly concludes that the analysis in City of New Orleans is limited to general removal under § 1441. McDermott is binding.

II.

With the appropriate standard established, the question remains whether the Underwriters expressly waived their right to removal. The Underwriters consented to the exclusive jurisdiction of the Courts of Dallas County. One can infer from this that the Underwriters have waived their right to remove to federal court. Under a normal contract analysis, we would give effect to this waiver. But under the express waiver rule, an inferred waiver is not sufficient.
The tribal immunity cases Judge Owen relies on are not substantially relevant in the Convention Act context.[1] The policy concerns underlying tribal immunity favor waiver of immunity. Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., 86 F.3d 656, 659-60 (7th Cir.1996). The policy concerns underlying the Convention Act, however, disfavor waiver of removal rights.
Judge Reavley, in McDermott, noted that under the “bright-line express waiver rule,” Convention Act cases would no longer be bogged down by time-consuming forum-choice disputes. McDermott, 944 F.2d at 1213. Judge Reavley’s hopes and the bright-line ruled he espoused have been dimmed by the holding of the majority-

*452
III.

For the reasons stated above, I would not remand this case to state court. Accordingly, I respectfully dissent.

. In C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, the Supreme Court applied a "clear” waiver standard. 532 U.S. 411, 417, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001).